Matter of Rodriguez v Green (2022 NY Slip Op 06810)

Matter of Rodriguez v Green

2022 NY Slip Op 06810

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
LARA J. GENOVESI, JJ.

2022-04162 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Alexis Rodriguez, petitioner,
v
Desmond A. Green, et al., respondents. Twyla Carter, New York, NY (Enrico Purita of counsel), for petitioner.

Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), respondent pro se.

Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Desmond A. Green, a Justice of the Supreme Court, Richmond County, to comply with a decision, order, and judgment of this Court dated December 21, 2021, in People ex rel. Pacheco v Schiraldi (200 AD3d 940), to the extent of conducting proceedings pursuant to CPL 510.40(4)(d) in an action entitled People v Rodriguez, pending in the Supreme Court, Richmond County, under Indictment No. 212/12, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is granted insofar as asserted against the respondent Desmond A. Green, on the law, without costs or disbursements, and the respondent Desmond A. Green is directed to conduct proceedings pursuant to CPL 510.40(4)(d) in the action entitled People v Rodriguez, pending in the Supreme Court, Richmond County, under Indictment No. 212/12, within 30 days of this decision, order, and judgment; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed insofar as asserted against the respondent Michael E. McMahon, without costs or disbursements.
By judgment of the Supreme Court, Richmond County, rendered May 14, 2014, in an action entitled People v Rodriguez, the petitioner was convicted of attempted rape in the first degree, attempted kidnapping in the second degree, and criminal possession of a weapon in the third degree under Indictment No. 212/12, upon a jury verdict, and sentenced to a 15-year term of
imprisonment. In an order dated May 24, 2021, the court granted the petitioner's motion pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction and ordered a new trial. The People appealed.
The petitioner was remanded without bail following the vacatur of his conviction. In December 2021, the petitioner filed a petition for a writ of habeas corpus in the nature of an application to release him upon his own recognizance. In a decision, order, and judgment dated December 21, 2021, this Court sustained the writ to the extent of setting bail in the sum of $5,000 in the form of an insurance company bail bond, the sum of $10,000 in the form of a partially secured bond, with the requirement of 10% down, or the sum of $2,500 deposited as a cash bail alternative conditioned upon, inter alia, the petitioner wearing an electronic monitoring bracelet (see People ex rel. Pacheco v Schiraldi, 200 AD3d 940). This Court's decision, order, and judgment stated that "any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of [*2]Richmond County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted by the Supreme Court, Richmond County" (id.).
The petitioner paid the deposit of $2,500 and was released under electronic monitoring. Counsel for the petitioner appeared before Justice Desmond A. Green multiple times from March through May 2022, and requested that the court conduct proceedings pursuant to CPL 510.40(4)(d) regarding the conditions of the petitioner's electronic monitoring. However, Justice Green declined to conduct such proceedings.
In June 2022, the petitioner commenced this CPLR article 78 proceeding, inter alia, in the nature of mandamus to compel Justice Green to comply with the decision, order, and judgment of this Court dated December 21, 2021, to the extent of conducting proceedings pursuant to CPL 510.40(4)(d) in the action entitled People v Rodriguez, pending in the Supreme Court, Richmond County, under Indictment No. 212/12.
"The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought" (Matter of Brownlee v Kohm, 61 AD3d 972, 973). Under the particular circumstances of this case, the petitioner has demonstrated a clear legal right to the relief sought (see People ex rel. Pacheco v Schiraldi, 200 AD3d 940; see also CPL 510.40[4][d]). Accordingly, the petition must be granted insofar as asserted against the respondent Justice Green, and that respondent is directed to conduct proceedings pursuant to CPL 510.40(4)(d) in the action entitled People v Rodriguez, pending in the Supreme Court, Richmond County, under Indictment No. 212/12, within 30 days of this decision, order, and judgment.
Insofar as the petition and proceeding were asserted against the respondent Michael E. McMahon, the petitioner failed to demonstrate a clear legal right to the relief sought.
CONNOLLY, J.P., BRATHWAITE NELSON, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court